# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03090

LINDSEY HUNGER,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

---

## COMPLAINT

---

Plaintiff Lindsey Hunger brings this civil action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq*. ("USERRA"), against Walmart Inc. ("Walmart"). Walmart refused to hire Hunger because she was a member of the Navy Reserve, and because she had a mandatory two-week annual training for which she would have to be absent from work. Hunger alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

2. Venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) because Walmart maintains a place of business in this judicial district, and pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this judicial district.

## PARTIES

3. The plaintiff, Lindsey Hunger, is a Colorado resident, and was a Colorado resident at the time of the events giving rise to this lawsuit.

4. Defendant Walmart is a Delaware corporation with corporate headquarters located in Arkansas. It is one of the largest retailers in the world; as of May 2019, Walmart operated 106 stores in Colorado including Store No. 5099 located on Rimrock Avenue in Grand Junction, Colorado.

## FACTUAL ALLEGATIONS

5. Hunger enlisted in the Navy Reserve in 2015. She currently holds the rank of petty officer third class (E4).

6. As part of their service, Navy Reservists must complete an annual, mandatory, two-week training duty. In 2016, Hunger received orders to report to San Diego for annual training, from July 9 through July 22.

7. At the time, Hunger was also a full-time student, studying to become an elementary school teacher at Colorado Mesa University. Hunger completed her Bachelor's degree in Elementary Education in December 2016, and was hired as an elementary school teacher in August 2017. She currently teaches third grade.

8. Hunger was in need of a job to pay for basic necessities after finishing the 2015-16 school year, including supporting her two young children who were 7 and 5 years-old at the time, so she applied for a job at the Walmart on Rimrock Avenue in Grand Junction, Colorado, Store No. 5099.

9. Hunger submitted an online job application to Walmart on May 25, 2016.

10. At the time she applied, 4-5 open positions at the Rimrock store were posted on Walmart's website.

11. On May 26, 2016, Walmart's Personnel Coordinator for Store No. 5099, Kathleen Kelsey, called Hunger and left a voicemail message: "This message is for Lindsey. Lindsey, my name is Kathleen, I'm the Personnel Coordinator at Walmart on Rimrock, in Grand Junction. I was reviewing your application—and, just had some questions I wanted to go over with you. If you could return my call at 248-0031. Thank you, bye-bye."

12. On May 27, 2016, Hunger spoke to Kelsey on the phone for approximately 11 minutes. Kelsey informed Hunger that the available opening was for a part-time seasonal position, which included general customer service and some stocking duties. Kelsey indicated that Hunger may be able to stay beyond the season in an overnight shift, which would fit with Hunger's school schedule when school resumed in the fall of 2016.

13. After discussing the details of the open position, Hunger informed Kelsey that she would have to take two weeks off to complete her annual Navy Reserve training. Kelsey responded that summer was a busy time at Walmart, the store needed someone who would be there, and that Walmart could not support Hunger's absence for two weeks.

14. Upon hearing Hunger's need for military leave, Kelsey ended the call, stating that she could not hire Hunger.

15. Hunger was receiving public assistance at the time and she was required to document her job search. Officials administering her public assistance benefits indicated that

they needed a reason Hunger was rejected by Walmart, and so she called Kelsey back a few days later.

16. During that conversation, Hunger confirmed with Kelsey that Walmart was not hiring her because of her two-week annual Navy Reserve training, and Hunger also told Kelsey that she was violating her USERRA rights. Kelsey responded that she did not know what USERRA was.

17. At the time Hunger applied for employment, Walmart's Discrimination & Harassment Prevention Policy ("Employment Discrimination Policy"), the same version of which had been in place since at least 2011, prohibited "refusing to hire" a person because of that individual's "veteran status." At the time Hunger applied for employment, Kelsey had worked for Walmart for 25 years, and had worked in personnel matters for 20 of those years.

18. During the Department of Labor ("DOL") investigation of Hunger's claim, Kelsey told a DOL investigator that she did not recall having any conversations with Hunger, nor did she recall any of the details of any of these conversations.

19. After being rejected by Walmart, Hunger was shocked that Walmart would refuse to employ her because of her military service obligations. She told her partner at the time, and her unit team in the Navy Reserve, about her conversations with Kelsey.

20. Hunger was qualified for an entry-level retail position at Walmart. At the time she applied, she was a full-time college student with a high-school diploma, and was an active-duty member of the Navy Reserve.

21. After the initial call between Hunger and Kelsey on May 27, 2016, Walmart never called Hunger again to discuss potential employment.

22. Hunger returned to school full-time in the fall of 2016 and was student teaching.

23. After graduating in December 2016, Hunger was able to find some employment as a substitute teacher during the first half of 2017. She did not begin working full-time until she was hired as a full-time elementary school teacher in fall 2017.

### Claim for Relief
### Violation of USERRA, 38 U.S.C. § 4311(a)

24. Hunger incorporates by reference and re-alleges the allegations set forth in paragraphs 1 to 23 above.

25. Walmart is liable for damages under USERRA, 38 U.S.C. § 4311(a), for denying initial employment to Hunger because of her membership in, performance of service in, and obligation to serve in the Navy Reserve.

26. Walmart's violation of Section 4311 of USERRA was willful as contemplated in 38 U.S.C. § 4323(d)(1)(C) in that Walmart showed reckless disregard for whether it engaged in conduct prohibited by USERRA.

27. Walmart is a covered employer subject to USERRA because it has "denied initial employment" to Hunger "in violation of section 4311." 38 U.S.C. § 4303(4)(A)(v).

28. Hunger's military service and obligation to serve was a "motivating factor" in Walmart's decision not to hire her. 38 U.S.C. § 4311(c)(1).

WHEREFORE, Hunger prays for relief as follows:

a.      Find that Hunger sustained actual damages in the form of lost wages as a result of Walmart's refusal to hire her, plus post-judgment interest, costs, and other proper relief;

b.      Declare that Walmart's violation of USERRA was willful;

c.      Award liquidated damages to Hunger in an amount equal to the amount of her lost wages and other benefits suffered by reason of Walmart's willful violation of USERRA, as authorized under 38 U.S.C. § 4323(d)(1)(C); and

d.      Any other legal and equitable relief that the Court finds to be just and proper.

## JURY DEMAND

Hunger hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated October 30, 2019.

ERIC S. DREIBAND
*Assistant Attorney General*

JASON R. DUNN
United States Attorney

*s/ Zeyen J. Wu*
Zeyen J. Wu
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax: (303) 454-0411
zeyen.wu@usdoj.gov

Attorneys for Plaintiff Lindsey Hunger